IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JERMAINE LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-053 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff; | ) | |
| MAJOR TILLER; CAPTAIN REEVES; | ) | |
| CAPTAIN WHITE; LIEUTENANT | ) | |
| CHEETHAM; CORPORAL | ) | |
| KITCHENS; SERGEANT BARBER; | ) | |
| DEPUTY BAKER; DEPUTY WILSON; | ) | |
| DEPUTY POWELL; DEPUTY JONES; | ) | |
| DEPUTY ALBRIGHT; CORRECT CARE | ) | |
| SOLUTIONS; CHRIS RUDD; and | ) | |
| NATALIE PAINE, District Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Burruss Correctional Training Center, in Forsyth, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case, filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred while he was a pretrial detainee at the Charles B. Webster Detention Center ("the Jail") in Augusta, Georgia.  Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     BACKGROUND**

Plaintiff names the following as Defendants: (1) Deputy Albright, Officer at the Jail; (2) Deputy Jones, Officer at the Jail; (3) Correct Care Solutions (CCS), Medical Provider at the Jail; (4) Chris Rudd, Medical Care Administrator employed by CCS; and (5) Natalie Paine, District Attorney. (See doc. no. 7, pp. 2-3, 13.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On September 15, 2018, twelve gang members assaulted Plaintiff between 6:00 and 8:00 a.m. in the F pod-B block day room, causing Plaintiff severe head trauma. (Id. at 15, 16.) After the assault, Plaintiff had a seizure while in protective custody. (Id.) After the seizure, Plaintiff moved to the medical pod for observation. (Id.) On September 16, 2018, between 12:30 and 1:30 p.m., Plaintiff had a second, more severe seizure, and Plaintiff's cell mate used the intercom to alert Defendants Albright and Jones about the seizure. (Id.) Defendant Albright told the cell mate he was declaring a medical emergency and "medical" was on the way. (Id.) "[N]obody not even the Defendants including Deputy Albright, Deputy Jones, or anybody" from CCS came to Plaintiff's cell that day or the next, and he "had to recover alone." (Id.)

Plaintiff wrote to Defendant Paine, providing an "extensive statement describing the whole assault." (Id.) However, Defendant Paine did not properly perform her job because she failed to upgrade the simple battery charges against Plaintiff's attackers to gang violence and felony assault. (Id.)

Plaintiff seeks over $1,000,000 in compensatory and punitive damages against each Defendant. (Id. at 17.)

## II. DISCUSSION

### A. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly,

3

550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint.  See Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.  Plaintiff No Longer Brings Any Claims Against Defendants Roundtree, Tiller, Reeves, White, Cheetham, Kitchens, Barber, Baker, Wilson, or Powell

As the Court previously explained, (doc. no. 6, p. 4), Plaintiff's amended complaint supersedes and replaces in its entirety the previous complaint filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).  Plaintiff's original complaint named fifteen Defendants, but his amended complaint names only five.  (Cf. doc. no. 1 with doc. no. 7.) Plaintiff does not name ten of his original Defendants in the caption or the separate list of Defendants, and he does not mention them anywhere in the statement of claim in the amended complaint.  Nor does Plaintiff make any allegations associating any of these ten Defendants with a purported constitutional violation, and dismissal is therefore appropriate.  See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Accordingly, Defendants Roundtree, Tiller, Reeves, White, Cheetham, Kitchens, Barber, Baker, Wilson, and Powell should be dismissed.

### C. Plaintiff Fails to State a Claim Against Defendants Rudd or CCS

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff fails to state a viable § 1983 claim against Defendants Rudd or CCS. Plaintiff does not explain how Defendant Rudd, an administrator/medical grievance officer for CCS, or CCS itself, is responsible for, or otherwise controlled, the actions of the two deputies Plaintiff alleges did not call for medical assistance. Plaintiff thus fails to state a claim for relief against either of these Defendants. See West, 487 U.S. at 48; see also Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim against prison where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation).

Second, Plaintiff fails to state a claim against Defendants Rudd and CCS because he is attempting to hold these Defendants liable merely because of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated

5

the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants Rudd or CCS liable, Plaintiff must demonstrate that either (1) Defendants actually participated in the alleged constitutional violation, or (2) there is a causal connection between Defendants' actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff never identifies a specific person associated with CCS who failed to respond to his medical emergency. (See, e.g., doc. no. 7, pp. 14-15 ("nobody" from CCS show up); p. 16 ("medical" was notified of Plaintiff medical emergency).)

As to Defendant Rudd, Plaintiff does not allege he was present or tasked with providing medical care during Plaintiff's emergency, and at best, Plaintiff alleges Defendant Rudd "neglected to properly exercise official responsibilities by abuseing [sic] the position" and not having a "full grievance procedure." (Id. at 14.) Indeed, Plaintiff never mentions Defendant Rudd in the statement of claim, but includes his conclusory allegations about neglecting duties in the basis of jurisdiction portion of the amended complaint. (Id.) However, under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*). Thus, any claim that Defendant Rudd mishandled Plaintiff's grievance or improperly set up an incomplete grievance system fails to state a claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").

6

Likewise, Plaintiff must allege a causal connection between Defendants Rudd and CCS and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff does not allege a widespread problem of failing to respond to medical emergencies. Moreover, Plaintiff's general discussion of non-specific "institutional policy," (doc. no. 7, p. 14), falls woefully short of the specificity required to draw the requisite causal connection to sustain a claim for supervisory liability. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendants Rudd and CCS, and they should be dismissed from the case.

7

### D. Plaintiff Fails to State a Claim Against Defendant Paine

Plaintiff alleges Defendant Paine "did not uphold" or "enforce promulgated" laws because she refused to upgrade the simply battery charges brought against his attackers to felonious assault involving gang violence, even though Plaintiff wrote an extensive statement describing the assault. (Doc. no. 7, pp. 14-16.) To the extent Plaintiff complains a certain type of criminal charge was not brought against his attackers, the law is well settled that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Weaver v. Mateer and Harbert, P.A., 523 F. App'x 565, 568 (11th Cir. 2013) (*per curiam*) (citing Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987)); see also Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted). Indeed, the decision on whether to ultimately prosecute a criminal case would be a matter entirely in the local prosecutor's discretion. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."). Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendant Paine.

In any event, as District Attorney, Defendant Paine enjoys immunity for her prosecutorial actions. "A prosecutor is immune from liability under § 1983 for [her] actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This absolute immunity shields prosecutors from liability for "actions taken

. . . in their role as advocates." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted).  As Plaintiff's claims against Defendant Paine rest entirely on her actions taken as a prosecutor, he fails to state a valid § 1983 claim against her for this reason as well.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff fails to state a claim upon which can be granted against Defendants Roundtree, Tiller, Reeves, White, Cheetham, Kitchens, Barber, Baker, Wilson, Powell, Rudd, CCS, and Paine. Accordingly, the Court **REPORTS** and **RECOMMENDS** these thirteen Defendants be **DISMISSED** from this case.  In a companion Order, the Court directs service of process on Defendants Albright and Jones for Plaintiff's Eighth Amendment deliberate indifference claim.

SO REPORTED and RECOMMENDED this 25th day of June, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA