IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JERMAINE LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-053 |
| | ) | |
| DEPUTY BILLY ALBRIGHT and | ) | |
| DEPUTY JAVEN JONES, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Coffee Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case concerning events at Charles B. Webster Detention Center ("Webster Detention Center") in Augusta, Georgia.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendants' motion for summary judgment be **GRANTED**, (doc. no. 20), a final judgment be entered in favor of Defendants, and this civil action be **CLOSED**.

**I.    PROCEDURAL BACKGROUND**

The amended complaint asserted claims against five defendants, and the sole remaining claim after screening is for deliberate indifference to a serious medical need against Defendants Billy Albright and Javen Jones.  (See doc. nos. 12, 14.)  Defendants timely filed their motion for summary judgment on February 18, 2020.  (Doc. no. 20.)  The Court provided Plaintiff with notice in compliance with Griffith v. Wainwright, 772 F.2d

822, 825 (11th Cir. 1985) (*per curiam*).  Plaintiff submitted a two-page response brief and a declaration.  (Doc. no. 23, p. 2.)

In accordance with Local Rule 56.1, Defendants submitted a statement of material facts.  (Doc. no. 20-2.)  Because Plaintiff did not file a responsive statement, the Court deems admitted all portions of Defendants' statement having evidentiary support in, and not otherwise contradicted by, the record and which are not properly opposed by Plaintiff as contemplated under Federal Rule of Civil Procedure 56.  See Loc. R. 56.1; Fed. R. Civ. P. 56(e); see also Williams v. Slack, 438 F. App'x 848, 849-50 (11th Cir. 2011) (*per curiam*) (finding no error in deeming defendants' material facts admitted where *pro se* prisoner failed to respond with specific citations to evidence and otherwise failed to state valid objections); Scoggins v. Arrow Trucking Co., 92 F. Supp. 2d 1372, 1373 n.1 (S.D. Ga. 2000) (same).  Federal Rule of Civil Procedure 56 requires a party disputing a fact to cite "to particular parts of materials in the record," and an affidavit or declaration used to oppose a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(1) & (4).

Nevertheless, the Court is mindful it "must construe the facts and draw all inferences in the light most favorable to the nonmoving party and "when conflicts arise between the facts evidenced by the parties, we credit the nonmoving party's *version.*"  Williams v. Davis, 451 F.3d 759, 763 (11th Cir. 2006) (citation omitted).)  Accordingly, the Court will review the record "to determine if there is, indeed, no genuine issue of material fact."  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009).

## II.   FACTUAL BACKGROUND

It is undisputed that, on the morning of September 15, 2018, Plaintiff was assaulted by detainees at the Webster Detention Center. (Am. Compl., doc. no. 7, p. 15; doc. no. 20-10, Ex. H; Pl.'s Aff. ¶ 3.) Progress notes from the medical files show that, after the assault, Plaintiff was alert and oriented with a superficial lesion to his facial area. (Doc. no. 20-10.) Later that day, Plaintiff had a seizure and was moved to the medical pod, H-pod, for observation and further evaluation. (Doc. no. 7, p. 15; doc. no. 20-5, Ex. C.)

Plaintiff declares that, while in H-pod on September 16, 2018, his cellmate called Defendants on the intercom "during officer lunch lockdown at 12:31" and requested assistance because Plaintiff was having a seizure and unresponsive. (Doc. no. 7, p. 15; Pl.'s Aff., doc. no. 23-1, ¶¶ 8, 9.) Defendants assured the cellmate medical personnel was on the way, but the only person who checked on Plaintiff was Defendant Jones, who stopped by at shift lockdown to ask if Plaintiff was all right. (Pl.'s Aff. ¶ 11.) Plaintiff avers this seizure on September 16th "could have been life threatening," but "Plaintiff had to recover alone" and could barely move. (Doc. no. 7, p. 15; Pl.'s Aff. ¶ 12.)

Defendants, both deputy jailers assigned to H-pod on September 16, 2018, testified by affidavit Plaintiff's cellmate did not notify them of a seizure on September 16, and they received no information from any other source about a seizure. (Albright Aff. ¶¶ 4, 5, 10; Jones Aff. ¶ 4, 5, 9; doc. no. 20-6, Activity Log, pp. 3-5.) However, Deputy Albright testified that, at 12:31 p.m. on September 16, Plaintiff notified him of body pain and he, in turn, notified the medical provider, Wellpath. (Albright Aff. ¶ 9; Activity Log, p. 4.) Defendant Albright's entry on the activity log at 12:33 p.m. states as follows: "Nurse Adams and Nurse Turman was [sic] notified

3

that inmate Lloyd, Jermaine was complaining of body pain[.]  He was given pain medication at pill call." (Activity Log, p. 4.)

The Richmond County Sheriff's Office requires deputies to maintain a log in each housing unit to record unusual and emergency situations.  (Albright Aff. ¶ 6; Jones Aff. ¶ 6; doc. no. 20-7, Policy on Logs and Reports, Ex. E.)  If Plaintiff or his cellmate had reported a seizure or other medical emergency, Defendants would have made a log entry and informed Wellpath.  (Albright Aff. ¶ 7; Jones Aff. ¶ 7.)  Log entries for September 16 show Defendants and a third jailer collectively performed at least ten security checks inside H-pod, and Defendants aver they would have made a log entry if Plaintiff had been in distress.  (Albright Aff. ¶¶ 3, 7; Jones Aff. ¶¶ 3, 7; Activity Log, pp. 3-5.)  Two of those security checks occurred during the time period of 12:30 to 1:30, when Plaintiff alleges he had the seizure, (Activity Log, p. 4), and at least four occurred thereafter.  (Id. at 4-5.)

### III.  DISCUSSION

#### A.  Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party."  United States v. Four Parcels of Real

Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Id. at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoting Adickes, 398 U.S. at 158-59). A genuine dispute as to a material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### B.   Defendants Are Entitled to Summary Judgment Because No Reasonable Juror Could Find Deliberate Indifference to a Serious Medical Need

Summary judgment on the merits should be granted because Plaintiff's version of events is implausible, contrary to the official record, and unworthy of consideration by the Court. Plaintiff describes a seizure in the medical observation pod of such severity that he

lost consciousness. (Doc. no. 7, p. 15; Pl.'s Aff. ¶¶ 8, 9.) Yet, inexplicably, Plaintiff has personal knowledge of his cellmate's call to Defendants for assistance and their alleged assurance someone from Wellpath was on the way to assist. (Doc. no. 7, p. 15; Pl.'s Aff. ¶¶ 8, 9.) An affidavit made in opposition to a summary judgment motion must be made on personal knowledge and otherwise present facts that would be admissible in evidence. See Fed. R. Civ. P. 56(c)(1) & (4). Plaintiff offers no explanation of how he gained personal knowledge of events that occurred while he was unconscious, and there is no affidavit from the cellmate to bring Plaintiff's conjecture into the realm of admissible evidence.

Moreover, Plaintiff's alleged seizure is not recorded anywhere in the activity log maintained for the purpose of recording such emergencies. (Activity Log, pp. 3-5.) To the contrary, despite at least ten inside security checks, some of which were performed by a non-party and at least two of which occurred during the time period Plaintiff originally alleged he suffered his seizure, there are no entries concerning a seizure. (Id. at 4-5.) There is, however, an entry by Deputy Albright memorializing Plaintiff's reports of body pain, for which a nurse later provided medication at pill call. (Albright Aff. ¶ 9; Activity Log, p. 4.) None of the evidence of record supports Plaintiff's contentions he suffered a seizure on September 16, his cellmate notified Defendants, and Defendants ignored the request for assistance.

Nor is there any medical evidence documenting medical treatment for a seizure on September 16, but instead merely treatment for generalized body pain. (Activity Log, p. 4.) The medical record shows seizure activity on September 15, for which Plaintiff timely received treatment and was moved to H-pod for observation and evaluation. (Doc. nos. 20-5,

20-10.) In addition, the grievance Plaintiff filed documents his seizure on September 15 but only a complaint of body pain on September 16. (Doc. no. 20-8, Grievance Rsp., Ex. F.) The only other medical records, dated September 19, 2018, do not reference a second seizure. (Doc. no. 20-9.) As such, the Court concludes Defendants have met their burden of showing the absence of evidence to support Plaintiff's claim, entitling them to judgment as a matter of law. Indeed, no reasonable juror could reject so many notations in the official jail record and instead believe Plaintiff's version of events.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." See Scott v. Harris, 550 U.S. 372, 380 (2007). While credibility determinations and the weighing of evidence is for the jury, Plaintiff "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Varazo v. Keiser Corp., No. 1:16-cv-4228, 2018 WL 2938871, at *2 (N.D. Ga. June 12, 2018) (citing Scott, 550 U.S. at 380). "[I]f the facts and inferences point overwhelmingly in favor of the moving party, such that reasonable people could not arrive at a contrary verdict," summary judgment should be granted. Id. (citing Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).

Plaintiff blames Defendants for his inability to support his case at summary judgment, claiming they never responded to a November 29, 2019, document production request despite Plaintiff following up with a letter on January 13, 2020. (Doc. no. 23, p. 2.)

However, the document request Plaintiff submitted to the Court is undated, Plaintiff did not submit the letter to the Court, Plaintiff never filed a motion to compel, and the deadline for filing motions to compel expired on February 19, 2020.  (See doc. no. 18-1.)  Plaintiff has not shown good cause for his failure to timely pursue this alleged discovery dispute, and the Court will not revisit the expired deadlines.  See Watkins v. Regions Mortg. Inc., 555 F. App'x 922, 924 (11th Cir. 2014) (*per curiam*) (affirming denial of requests for discovery submitted after expiration of scheduling order deadlines); Sullivan's Admin. Manager's II, LLC v. Guarantee Ins. Co., Case No. CV 412-212, 2013 WL 12158619, at *1 (S.D. Ga. Apr. 25, 2013) (denying implicit motion to amend scheduling order occasioned by submission of untimely motion to compel); see also Fed. R. Civ. P. 16(b) (requiring courts to set deadlines for discovery and allowing modification only for good cause).

That Plaintiff chose not to pursue potential discovery issues during the designated discovery period does not excuse him from compliance with the rules governing discovery and summary judgment.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); see also Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'").

### C.    Plaintiff's Claim Also Fails Because He Cannot Establish Injury

Even assuming Plaintiff suffered a seizure on September 16, he concedes a full recovery and merely complains he recovered alone.  (Doc. no. 7, p. 14.)  Plaintiff has failed to allege, let alone "place verifying medical evidence in the record to establish the

detrimental effect of delay in medical treatment." Hill v. Dekalb Reg'l Youth Det, Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994), *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002).

> **D. Even if the Deliberate Indifference Claim Was Meritorious, Defendants Are Entitled to Summary Judgment in Their Official Capacities**

Defendants were working as deputy jailers for the Richmond County Sheriff's Office on September 16, 2018. (Albright Aff. ¶ 2; Jones Aff. ¶ 2.) In Manders v. Lee, 338 F.3d 1304, 1315 (11th Cir. 2003) (*en banc*), the Eleventh Circuit concluded a Georgia Sheriff's authority to administer a jail flows from the State, and thus a sheriff is entitled to Eleventh Amendment immunity under the United States Constitution for such functions. The Eleventh Amendment bars official capacity claims against state officials for monetary damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985); see also Bell v. Houston Cty., Ga., No. 5:04-CV-390 (DF), 2006 WL 1804582, at *11 (M.D. Ga. June 27, 2006) (relying on conclusion Georgia sheriff is not a "person" capable of being sued under § 1983 rather than Eleventh Amendment immunity to grant summary judgment on official capacity claims). Moreover, courts within the Eleventh Circuit have concluded deputies working for a Georgia sheriff are entitled to the same Eleventh Amendment immunity in their official capacities. Brown v. Newton Cty. Sheriff's Office, 273 F. Supp. 3d 1142, 1160 (N.D. Ga. 2017) (collecting cases); Townsend v. Coffee Cty., Ga., 854 F. Supp. 2d 1345, 1351-52 (S.D. Ga. 2011). Therefore, as Defendants were working for the sheriff at the Webster Detention Center on the day of the events in question, they are entitled to summary judgment on any official capacity claims for monetary damages.

### E.     Qualified Immunity

Because Defendants are entitled to summary judgment on the merits of Plaintiff's claim, the Court need not address Defendants' qualified immunity argument. See Scott v. Harris, 550 U.S. 372, 377 (2007) (requiring showing of violation of a constitutional right to complete qualified immunity analysis); Grochowski v. Clayton Cty., Ga., 961 F.3d 1311, 1319 (11th Cir. 2020) (same); see also Martinez v. Burns, 459 F. App'x 849, 851 n.2 (11th Cir. 2012) (*per curiam*) (recognizing no need to address qualified immunity defense when summary judgment granted on substance of deliberate indifference claim).

### IV.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants' motion for summary judgment be **GRANTED**, (doc. no. 20), a final judgment be entered in favor of Defendants, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of August, 2020, at Augusta, Georgia.

                                                                          _____
                                                                          BRIAN K. EPPS
                                                                          UNITED STATES MAGISTRATE JUDGE
                                                                          SOUTHERN DISTRICT OF GEORGIA